**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LUIS MARTIN SANDOVAL ORTEGO,

      Petitioner,

v.

WARDEN, Cibola County Correctional Center; MARY DE ANDA-YBARRA, El Paso Field Office Director of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States; and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in their official capacities,,

      Respondents.

Case No. 1:26-cv-02412-MIS-GBW

<u>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**</u>

**THIS MATTER** is before the Court on Petitioner Luis Martin Sandoval Ortego's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 24, 2026. Respondents Todd Blanche, Markwayne Mullin, David Venturella, and May De Anda-Ybarra ("Federal Respondents"),[1] filed a Response on August 7, 2026, ECF No. 7.

Petitioner is a citizen of Ecuador, Pet. at 11, ECF No. 1, who entered the United States at an unknown date and established himself in Connecticut. Id. at 10. Petitioner has no criminal

---

[1] Respondent Warden, Cibola County Correctional Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

history and has no prior instances of failing to appear. Id. at 7. Petitioner was arrested on April 24, 2026, Notice to Appear, ECF No. 1 at 13, after his boss accidentally drove him into Canada and they had to return through the United States border station, Pet. at 10. He has remained in custody since that time and has not received a bond hearing. See generally Pet., ECF No. 1.

Petitioner argues he should be subject to 8 U.S.C. § 1226 and challenges his detention on Fifth and Fourteenth Amendment grounds. Id. at 6-8. Petitioner seeks an order granting release. Id. at 8.

Respondents declined to submit a "brief in opposition to the Petition detailing the facts and circumstances of this case." Resp. at 1, ECF No. 5. Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief" and argue the appropriate relief is "a bond hearing under § 1226(a), or release." Id. at 1-2 (citing Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026).

The Court finds Respondents concede § 1226(a) governs Petitioner's detention and he is entitled to habeas relief. If Respondents have not conceded § 1226(a) governs his detention, the Court finds § 1226(a) governs his detention because his Notice to Appear categorized him as an alien present in the United States and not an arriving alien. Singh v. Warden, No. 1:26CV01056-MIS-DLM, 2026 WL 1133399, at *2 (D.N.M. Apr. 27, 2026); Notice to Appear, ECF No. 1 at 13. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Luis Martin Sandoval Ortego's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL NOT** impose any new condition of release;

5. Respondents **SHALL** file a Notice of Compliance with this Order; and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3